**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Brian Nuckols,

    Plaintiff,

v.

    Case No. 07-13200

    HONORABLE DENISE PAGE HOOD

D1 –  Honorable Robert Cleland,
D2 –  United States District Court,
      Eastern District of Michigan,

    Defendants.
_____/

**ORDER
1) GRANTING DEFENDANTS' MOTION TO DISMISS AND
2) DENYING PLAINTIFF'S MOTION TO DISQUALIFY**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss [Dkt. #8, filed November 19, 2007]. Plaintiff did not file a response. This matter is also before the Court on Plaintiff's Second Motion to Disqualify Judge Denise Page Hood [Dkt. #6, filed November 19, 2007]. Defendants did not file a response. A hearing on the motions was held on January 22, 2008. Plaintiff did not appear.[1]

---

[1] The Court is in receipt of an email from Plaintiff, dated December 11, 2007, which indicates that he did not have the financial resources to appear at the hearing scheduled for this case or case number 07-13890. In the email, Plaintiff does not request a court-appointed attorney, an adjournment or any other relief. The email was addressed to Assistant United States Attorney Susan DeClercq ("AUSA DeClercq") and cmecfadmin@mied.uscourts.gov, an unmonitored court inbox. The Court received a copy of the email from AUSA DeClercq on January 15, 2008.

## II. OVERVIEW

On August 1, 2007, Plaintiff initiated the instant suit. In the Complaint, Plaintiff alleges that United States District Judge Robert Cleland failed to follow the scheduling order in *Nuckols v. Meijer*, No. 07-12424 (E.D. Mich. filed June 7, 2007). Plaintiff also sets forth allegations of misconduct against four other judges within the United States District Court for the Eastern District of Michigan: Judges Denise Page Hood, Sean F. Cox, Julian A. Cook, Jr., and Avern Cohn.

On October 4, 2007, Plaintiff moved for the disqualification of Judge Hood from this case. Plaintiff has two other suits pending before Judge Hood. *See Nuckols v. Federal Reserve Bank of Chicago*, No. 07-11744 (E.D. Mich. filed Apr. 19, 2007) ("Bank Action"); *Nuckols v. Honorable Robert Cleland*, No. 07-13200 (E.D. Mich. filed Aug. 1, 2007). On July 11, 2007, the Court heard arguments on the defendant's motion to dismiss in the Bank Action. Because the Court had not yet ruled on the defendant's motion to dismiss in the Bank Action at the time Plaintiff filed this action, Plaintiff alleged in the motion for disqualification that Judge Hood could not be objective in this case. The Court denied Plaintiff's first Motion to Disqualify Judge Hood.

Just ten days later, on November 19, 2007, Plaintiff filed his Second Motion to Disqualify Judge Hood. Plaintiff's second disqualification motion contains the same allegations and arguments as the first disqualification motion.

## III. STANDARD OF REVIEW & APPLICABLE LAW

A. <u>Motion for Reconsideration</u>

The Court construes Plaintiff's Second Motion to Disqualify as one for reconsideration, because it raises the same arguments set forth in Plaintiff's first Motion to Disqualify. The Court has the discretion to grant or deny a motion for reconsideration. *Summer v. Davis*, 317 F.3d 686,

691 (6th Cir. 2003). The Court is guided by the standard of review set forth in the Rule 7.1 of the Local Rules, which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

B. Rule 12(b)(1) Dismissal

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). In reviewing a Rule 12(b)(1) motion, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Courts should review Rule 12(b)(1) challenges before others. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

A district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972).

**IV. ANALYSIS**

A. Motion for Reconsideration

Plaintiff's second disqualification motion does not merit reconsideration under Local Rule 7.1(g)(3), because it "present[s] the same issues [previously] ruled upon by the court." *See* L.R.

3

7.1(g)(3). As noted previously, Plaintiff's second disqualification motion presents the same issues as the first disqualification motion, which the Court denied. Accordingly, Plaintiff's Second Motion to Disqualify Judge Hood must be denied.

B. Motion to Dismiss

Defendants support their Motion to Dismiss with three arguments: 1) the Court lacks subject matter jurisdiction because Plaintiff's allegations are frivolous; 2) Judge Cleland is entitled to judicial immunity; and 3) Plaintiff's suit is barred by the doctrine of res judicata. (Def.'s Mot., at 2.) For the reasons noted below, Defendants' Motion to Dismiss is granted.

The Court concludes that it lacks subject matter jurisdiction of Plaintiff's claims. Plaintiff cites 28 U.S.C. § 1343 and a host of other civil rights statutes as bases for jurisdiction. However, construing the facts alleged in Plaintiff's *pro se* Complaint in a light most favorable to him, the Court cannot discern a viable federal claim. Although Plaintiff is unhappy with the outcomes of his other cases, this Court lacks jurisdiction to review the decisions of other district judges; Plaintiff's proper remedy was to appeal those decisions. *See* 28 U.S.C. § 1291. Accordingly, Plaintiff's Complaint must be dismissed as "frivolous" and "devoid of merit." *See Apple*, 183 F.3d at 479.

The Court also concludes that judicial immunity insulates Judge Cleland from any liability arising from this suit. Judicial immunity protects judges from liability in suits for money damages. *See Barrett v. Harrington*, 1997 U.S. App. LEXIS 32785, at *23 (6th Cir. 1997) (citations omitted). It is well settled that judicial immunity applies in instances where, as here, private parties invoke the jurisdiction of the court and the judge decides the case on the merits. *See id.*, at *23-26.

Defendants' res judicata argument is not convincing. Although Plaintiff raises some of the same complaints about the adjudication of previous cases in the instant suit that he raised in *Nuckols*

4

*v. United States District Court Eastern District of Michigan*, No. 07-14001 (E.D. Mich. filed Sept. 21, 2002) (Cohn, J.), it appears that Plaintiff complains of two new cases in the instant suit: first, case number 07-11467; second, case number 07-14001.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss [Dkt. #8, filed November 19, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Second Motion to Disqualify Judge Denise Page Hood [Dkt. #6, filed November 19, 2007] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Brian Nuckols, P. O. Box 3444, Farmington Hills, MI 48334 on January 30, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager